# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL GARRISON,

          **Plaintiff,**        **CIVIL ACTION NO. 06-CV-13258-DT**

    vs.

                               **DISTRICT JUDGE NANCY G. EDMUNDS**

BETH DAVIS,             **MAGISTRATE JUDGE MONA K. MAJZOUB**
et al.,
          **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction filed on February 11, 2008 (docket no. 25) should be **DENIED**.

**II.**    **REPORT:**

      *A.*    *Facts and Procedural History*

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 and 1985. Plaintiff is a Michigan prisoner who alleges that Defendant prison officers and officials have been deliberately indifferent to his serious medical need, chronic sinusitis, by prescribing him ineffective medication–Nasalcrom instead of either Sudafed or Claritin-D. (Docket no. 1). Plaintiff also alleges that Defendants have violated his First Amendment rights by rejecting a few pieces of his incoming mail on the basis that the mail was a threat to prison security. (*Id*.). Plaintiff seeks an injunction "enjoining the Defendants from violating the Plaintiff's First and Eighth Amendment rights in the manner stated in the complaint and amended complaint." (Docket no. 25 at 2).

Defendants have not yet made an appearance in this action. Therefore, there is no response from them to this motion. All pretrial matters have been referred to the undersigned. (Docket no. 26). Because this motion concerns injunctive relief, this Court enters this Recommendation rather than an order. *See* 28 U.S.C. § 636(b)(1)(A). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

B.     *Governing Law*

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest would be served by issuance of the injunction. (*Id.*).

C.     *Analysis*

Any order granting an injunction or temporary restraining order must be specific in its terms and must describe in detail the act or acts sought to be restrained. Fed. R. Civ. P. 65(d). Plaintiff's request for an injunction to prohibit Defendants from violating his First and Eighth Amendment rights is too vague to support a proper injunction. Even if more specific relief was sought, Plaintiff has failed to make the showing necessary to grant injunctive relief of any type.

Injunctive relief is reserved for the extraordinary case. *See Overstreet*, 305 F.3d at 573. Plaintiff's allegations are common in prisoner civil rights actions. Judge Edmunds has already ruled in this action that a difference of opinion in treatment between Plaintiff and medical personnel of

the prison is not a basis for an Eighth Amendment deliberate indifference claim. (Docket no. 6). Plaintiff has not shown a strong likelihood of success in this action. His claim that a few pieces of his incoming mail, copies of pages from a university student directory, have been rejected based on prison security concerns also presents no proper basis for granting injunctive relief. Plaintiff cannot show that he will be irreparably injured without an injunction. Moreover, for this Court to interfere with the operation of the state's prison facilities on the facts of this case would cause substantial harm to others. *See Kendrick v. Bland*, 740 F.2d 432, 438 & n.3 (6th Cir. 1984) (courts ill-equipped to deal with problems of prison administration and reform). Finally, the public interest would not be served by granting Plaintiff's request for an injunction. Plaintiff's Motion should therefore be denied.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: March 06, 2008        s/ Mona K. Majzoub           
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Michael Garrsion and Counsel of Record on this date.

Dated: March 06, 2008        s/ Lisa C. Bartlett         
                                           Courtroom Deputy