# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL GARRISON,

      Plaintiff,          CIVIL ACTION NO. 06-CV-13258-DT

vs.

                              DISTRICT JUDGE NANCY G. EDMUNDS

BETH DAVIS, et al.,         MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** The Motion for Summary Judgment filed by Defendants Jerome and Scott-Hogan (docket no. 36) should be **GRANTED.**

**II.**     **REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Jerome and Scott-Hogan. (Docket no. 36). Plaintiff responded and argued that Defendants' motion should be denied because he had not yet had an opportunity to conduct discovery and because some Defendants had not yet been served. (Docket no. 37). Plaintiff then filed an Amended Complaint. (Docket no. 45). Defendants filed a Motion to Stay Discovery which this Court granted. (Docket nos. 48, 50). This Court also gave Plaintiff additional time in which to respond to the merits of Defendants' Motion for Summary Judgment. (Docket no. 50). Plaintiff filed another Response brief. (Docket no. 52). All pretrial matters have been referred to the undersigned. (Docket no. 26). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

-1-

### A. Facts

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleges in his Amended Complaint that on March 16, 2006 Defendant Scott-Hogan rejected a portion of his incoming mail which consisted of a few photocopied pages of the Central Michigan University student address directory. (Docket no. 45). The reason given for the rejection was that the material was a threat to the safety and security of the facility. (*Id.*). Plaintiff further alleges that on March 22, 2006 Defendant Jerome rejected additional photocopied pages from the same directory in his incoming mail. (*Id.*). The reason for the rejection was for the safety and security of the facility. On March 23, 2006 Defendant Hughes held an administrative hearing on these rejections of Plaintiff's incoming mail. The rejections were upheld. (*Id.*).

### B. Claims

Plaintiff alleges that Defendants' actions in rejecting his mail violates his First Amendment rights. (Docket no. 45). He seeks as relief to have the rejected mail replaced and damages. (*Id.*).

Defendants move for summary judgment on the bases that Plaintiff has failed to properly exhaust his administrative remedies and that they are entitled to qualified immunity because Plaintiff has failed to establish a constitutional violation. (Docket no. 36).

### C. Standard

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has

met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**D. Analysis**

**1. Administrative exhaustion**

Defendants contend that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (Docket no. 36). They argue that Plaintiff filed three grievances at the relevant prison facility and that only one pertains to the mail-rejection issue. That grievance fails to name Defendants Jerome or Scott-Hogan and grieves only the hearing that Plaintiff received on the mail rejections in this case, according to Defendants. (*Id*. at 10). Plaintiff argues that the prison grievance policy does not mandate that he name all Defendants who will be later sued, the prison mail policy instructs him to file a grievance only after the mail rejection hearing, and any failure to properly exhaust is excused because his grievance was addressed on its merits. (Docket no. 52 at 6).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that prisoners must comply with prison policy in order to totally exhaust their administrative remedies. *See also Woodford v. Ngo*, 548 U.S. 81 (2006) (proper exhaustion requires compliance with agency's deadlines and other critical procedural rules). The grievance policy of the Michigan Department of Correction now requires prisoners to list the dates, times, places and names of all those involved in the issue being grieved. MDOC Policy Directive 03.02.130(R). The Court therefore rejects Plaintiff's argument

that the grievance policy does not mandate that he properly list the names and dates for the issue being grieved. *Wichert v. Caruso*, 2008 WL 1995065 slip op. at *6 (E.D. Mich. May 6, 2008) (dismissing defendants because plaintiff failed to name them in grievance and therefore failed to properly exhaust). The Court also rejects Plaintiff's argument that because prison policy states that a prisoner who disagrees with the outcome of a mail rejection hearing may file a grievance (docket no. 36, ex. C ¶ TT), that this limits the subject of his grievance to the hearing to the exclusion of the initial mail rejection.

It is not disputed that Plaintiff failed to name either Defendant Scott-Hogan or Jerome in his grievance.[1] (Docket no. 1 at 21) (Grievance No. STF0603029615A). In addition, Plaintiff's grievance lists the date of the incident being grieved as 3/23/06 which is not the date of either incident involving either Defendant that Plaintiff alleged in his Amended Complaint. March 23, 2006 is the date of the prison hearing held by Defendant Hughes. In the body of the grievance Plaintiff wrote that the rejection of the pages of the directory "was upheld at a mail rejection hearing." (*Id.*). He goes on to argue against "the basis for the mail rejection being upheld." (*Id.*). The final grievance response states that Plaintiff "presents an issue which alleges that the rejection of a few photocopied pages of a CMU Student Directory was upheld at a mail rejection hearing." (*Id.* at 25). Based on this evidence the Court finds that Plaintiff grieved only the circumstances surrounding the mail rejection hearing rather than the initial mail rejections and that the response of the prison officials to his grievance did not excuse his procedural default by addressing on the merits the initial mail rejection incidents by these two Defendants. It is therefore recommended that

---

[1] Plaintiff's Amended Complaint, which replaced his earlier Complaint, does not include a copy of the grievance at issue. (Docket no. 45). Plaintiff also did not submit a copy of his grievance with his Response. Because Plaintiff is proceeding *pro se* and because without this grievance Plaintiff cannot show exhaustion, the Court will consider the copy filed with Plaintiff's initial Complaint.

Defendants' Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his available administrative remedies. 42 U.S.C. § 1997e(a).

## 2. Qualified immunity

Even if Plaintiff properly exhausted his administrative remedies, these two Defendants are entitled to dismissal based on the doctrine of qualified immunity. Qualified immunity protects government officials from liability, as well as from suit, as long as their official conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Charvat v. Eastern Ohio Reg'l Wastewater Auth.*, 246 F.3d 607, 616 (6th Cir. 2001). A court must first determine whether plaintiff has shown the violation of a constitutional right and, if so, determine whether the right was clearly established so that a reasonable official would understand that what he did violated that right. (*Id.*).

Plaintiff asserts in his affidavit that the directory at issue is a "student address directory, not a telephone book." (Docket no. 52 at 12). He therefore contends that the prison policy which restricts an inmate's possession of phonebooks as "critical tools" is irrelevant. The pages that were rejected have not been submitted to the Court, and there is a disagreement over whether the pages contain addresses and phone numbers or only addresses. The Court does not find this issue of fact to be dispositive, however.

The controlling test to determine whether Defendants violated Plaintiff's First Amendment rights by rejecting the mail is whether the policy or regulation pursuant to which the mail was rejected is "reasonably related to legitimate penological interests."[2] *Turner v. Safley*, 482 U.S. 78, 89 (1987). Pursuant to prison policy prisoners are prohibited from receiving mail "if it is a threat

---

[2] The court rejects Plaintiff's suggestion that the more restrictive test for the censorship of an inmate's *outgoing* mail is applicable to his case. *See Burton v. Nault*, 902 F.2d 4, 5 (6th Cir. 1990).

to the security, good order, or discipline of the facility." MDOC Policy Directive 05.03.118(D). Courts generally afford great deference to prison polices relating to the preservation of the security and good order of the prison facility. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (setting out four-factor test of *Turner*).

The MDOC considers public telephone books to be a threat to the security and good order of the facility because they may contain personal information of prison employees and lead to threats and harassment against prison employees. (Docket no. 36, exs. C, D). The Court finds this to be a legitimate penological interest. In addition, the prohibition of an inmate's receipt of directories such as a phone book, which may contain both addresses and phone numbers, is reasonably related to this legitimate interest. It would not be practical to require prison officials to inspect every directory to determine if in fact the directory at issue contains information about an employee. Finally, Defendants acted reasonably in applying this policy to Plaintiff's receipt of the information in the student directory. Whether or not the pages of the directory at issue contain only addresses or addresses and phone numbers, Defendants reasonably construed it to be a violation of the above policy for Plaintiff to receive and possess this information. It was not unreasonable for Defendants to conclude that the pages at issue might contain information about prison employees. Accordingly, Defendants did not violate Plaintiff's First Amendment rights by rejecting the mail, and they are entitled to qualified immunity.[3]

---

[3] The Court notes that Defendants had reason to be especially diligent in applying incoming mail restrictions against Plaintiff due to his two convictions for Third Degree Criminal Sexual Conduct involving victims aged 13-15. (Docket no. 36, ex. E). Plaintiff objects to the consideration of his prior convictions, however the Court finds it appropriate to consider them in determining how strictly Defendants should apply incoming mail restrictions to him, especially for information which facilitates his communication with others, when he has already shown a propensity to take advantage of those who may be unable to protect themselves.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 06, 2008                  s/ Mona K. Majzoub
                                                   MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Michael Garrison and Counsel of Record on this date.

Dated: August 06,2 008                s/ Lisa C. Bartlett
                                                          Courtroom Deputy