**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL GARRISON,

        Plaintiff,                    **CIVIL ACTION NO. 06-CV-13258-DT**

vs.

                                         **DISTRICT JUDGE NANCY G. EDMUNDS**

BETH DAVIS, et al.,               **MAGISTRATE JUDGE MONA K. MAJZOUB**

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION:**  The Motion to Dismiss filed by Defendant Correctional Medical Services, Inc. (docket no. 80) should be **DENIED.**

Plaintiff's Cross Motion for Summary Judgment (docket no. 82) should be **DENIED** as to Defendant CMS.

**II.    REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by Defendant Correctional Medical Services, Inc. (CMS).  (Docket no. 80).  Plaintiff has not responded to the motion but filed a Motion for Summary Judgment himself.  (Docket no. 82).  Defendant responded to Plaintiff's motion.  (Docket no. 83).  All pretrial matters have been referred to the undersigned for decision.  (Docket no. 26).  These motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).

**A.     Facts**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. §§ 1983 and 1985. (Docket no. 45 at 8). Plaintiff alleges that prior to his incarceration in 2003 he took the medication Sudafed for his sinus disorder. (*Id*. at 2). In December 2005 the physician at Saginaw Correctional Facility, where Plaintiff was incarcerated, suggested that Plaintiff try different medications, Nasalcrom and Guiafenesin, for his sinus condition. (*Id*. at 2-3). Plaintiff tried the new medication for 3-4 weeks, but it was not effective. Plaintiff requested to be placed back on Sudafed. (*Id*. at 3). On February 3, 2006 Plaintiff was transferred to Mid-Michigan Correctional Facility (STF). (*Id*.). Plaintiff asked to be placed back on Sudafed by health care request at that facility on February 4, 2006. (*Id*.). He complained throughout February to health care staff at Mid-Michigan Correctional Facility that he needed to be placed on Sudafed or Claritin. Nurse Petty allegedly told him that they "don't give out sudafed or claritin here because it isn't authorized cause it's too expensive." (*Id*. at 4).

Plaintiff complained on March 9, 2006 in a health care request that he was experiencing breathing problems due to his chronic sinusitis. (*Id*. at 5). Nurse Sommerville responded to a health care request from Plaintiff on March 16, 2006 stating that he would be receiving Nasalcrom. (*Id*.). Plaintiff responded that Nasalcrom did not work for him. (*Id*.).

**B.     Claims**

Plaintiff claims in Count I that Defendant CMS has shown deliberate indifference to his serious medical needs in violation of the Eighth Amendment. In Count II Plaintiff claims that Defendant CMS acted "pursuant to an unwritten policy and or pattern to deny necessary and effective medication to the Plaintiff in order to save money for profit thereby showing deliberate

indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution." (Docket no. 45 at 9). Plaintiff seeks declaratory and injunctive relief and damages. (*Id.* at 9-10).

### C.     Standard

Defendant moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

Plaintiff moves for summary judgment. Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**D.     Analysis**

**1.     Motion to Dismiss of Defendant CMS, Inc.**

Plaintiff alleges that Defendant CMS violated his Eighth Amendment rights by being deliberately indifferent to his sinus condition. Defendant cannot be held liable through *respondeat superior* for the acts or omissions of its employees, however. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Rather, Plaintiff must show that Defendant CMS created a particular policy the execution of which caused Plaintiff's injury, or in this case the violation of his Eighth Amendment right. *See Garner v. Memphis Police Dep't.*, 8 F.3d 358, 363-64 (6th Cir. 1993); *Davis v. Caruso*, 2009 WL 877964, slip op. at *14 (E.D. Mich. Mar. 30, 2009). Defendant argues that Plaintiff has failed to cite a specific policy or procedure of CMS that caused violated his civil rights. (Docket no. 80 at 11).

Defendant CMS does not discuss Plaintiff's allegation in Count II of his Amended Complaint in which Plaintiff alleges that Defendant CMS acted pursuant to an "unwritten policy and or pattern to deny necessary and effective medication to the Plaintiff in order to save money for profit." (Docket no. 45 at 9). Defendant also does not discuss Plaintiff's factual allegation that Nurse Petty told him that Sudafed and Claritin are not prescribed for prisoners because they are not authorized because they are too expensive. (*Id*. at 4). Under the standard of notice pleading, these allegations are sufficient to state a claim against Defendant CMS. *See Price v. Correctional Medical Servs., Inc.*, 2008 WL 5377779 (S.D.W. Va. Dec. 18, 2008) (prisoner stated claim by his allegation that it was CMS's custom to postpone, delay, etc. when their contracts are nearing completion which caused plaintiff's pain and suffering). This Court may not grant a motion to dismiss unless the plaintiff can prove no set of facts consistent with his allegations which would entitle him to relief.

*Thomas v. Eby*, 481 F.3d 434, 442 (6th Cir. 2007). At this point this Court cannot determine that Plaintiff will be unable to prove a set of facts bearing out a policy which violated his Eighth Amendment right. Therefore, Defendant's Motion to Dismiss should be denied. *See Davis*, 2009 WL 877964.

### 2. Plaintiff's Motion for Summary Judgment

Plaintiff fails to support his Motion for Summary Judgment against Defendant CMS with any probative evidence showing that there are no issues for trial and that Defendant is liable through a policy or custom for a violation of his Eighth Amendment right. (Docket no. 82). His unsupported allegations are not a sufficient basis upon which to grant summary judgment. *See* Fed. R. Civ. P. 56(c). Accordingly, Plaintiff's Motion for Summary Judgment should also be denied.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 27, 2009            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Michael Garrison and Counsel of Record on this date.

Dated: April 27, 2009            s/ Lisa C. Bartlett
                                 Courtroom Deputy