UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

      Plaintiff,              CIVIL ACTION NO. 06-CV-13258

vs.

                             DISTRICT JUDGE NANCY G. EDMUNDS

BETH DAVIS, et al.,         MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** This Court recommends that Defendant Correctional Medical Services, Inc.'s ("CMS") Motion for Summary Judgment (docket no. 117) be **GRANTED**, and Plaintiff's Rule 56(f) Motion to Deny Defendant CMS's Motion for Summary Judgment (docket no. 125) be **DENIED**.

In light of the above recommendation, Defendant CMS's Motion to Extend Expert Disclosures (docket no. 119) should be denied as moot without prejudice to the motion being reconsidered should the above recommendation not be adopted.

**II. REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant CMS. (Docket no. 117). Plaintiff has responded to the motion by filing a motion and affidavit pursuant to Federal Rule of Civil Procedure 56(f) requesting that the Defendant's motion be denied. (Docket no. 125). All pretrial matters have been referred to the undersigned for decision. (Docket no. 26). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). These

1

motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.     Facts**

This is a civil rights action brought under 42 U.S.C. §§ 1983 and 1985. (Docket no. 45 at 7). According to the Michigan Department of Corrections' Offender Tracking Information System (OTIS) website, Plaintiff was released on parole on February 9, 2010. At the time of the incidents which give rise to the present action, Plaintiff was incarcerated at the Saginaw Correctional Facility ("SRF") in Freeland, Michigan, and the Mid-Michigan Correctional Facility ("STF") in St. Louis, Michigan. In his Amended Complaint, Plaintiff alleges that Defendant CMS showed or conspired to show deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment, and acted pursuant to an unwritten policy and or pattern to deny necessary and effective medication to the Plaintiff in order to save money for profit. (Docket no. 45 at 8). Plaintiff seeks declaratory and injunctive relief and damages. (Docket no. 45 at 8-9).

The record shows that from September 2003 to December 2005 Plaintiff took the medication Sudafed for his sinus disorder. (Docket no. 45 at 1). On December 15, 2005 Plaintiff was seen by SRF Physician's Assistant ("P.A.") Howard Tyree for review of Plaintiff's allergies. (Docket no. 120 at 291). P.A. Tyree noted that Plaintiff was using Sudafed and Nasalide spray for allergy relief and that he complained of being nasally plugged most of the time, particularly at night. (Docket no. 120 at 291). Plaintiff denied sinus pressure or facial pain. P.A. Tyree documented that Plaintiff agreed to try Cromolyn nasal spray ("Nasalcrom") and Guaifenesin for his congestion, so Plaintiff's order for Sudafed was cancelled. (Docket no. 120 at 292).

The record shows that Plaintiff tried the new medication for 3-4 weeks, but found it to be ineffective and requested to be placed back on Sudafed. (Docket no. 45 at 2). Plaintiff was

2

scheduled for sick call on February 6, 2006 for review of his sinus medications. (Docket no. 120 at 282). On February 3, 2006 he was transferred to Mid-Michigan Correctional Facility. (Docket no. 45 at 2).

On February 4, 2006 Plaintiff submitted a kite requesting medical services at STF and asking to be placed back on Sudafed. (Docket no. 120 at 275). The nurse responded to the kite the following day, stating that Plaintiff was scheduled for sick call on or about February 10, 2006. (Docket no. 120 at 275). On February 10, 2006 Plaintiff was medically evaluated by a nurse related to his complaint of sinus problems. (Docket no. 120 at 250-51, 271-73). The medical record shows that Plaintiff's nasal passages were red and moist, his throat was inflamed, and his comfort level was altered. (Docket no. 120 at 273). The nurse documented Plaintiff's request that he be placed back on Sudafed and noted that she would send Plaintiff's chart to the MSP for review. (Docket no. 120 at 273). Plaintiff alleges in his Amended Complaint that the nurse told him that they "don't give out sudafed or claritin here because it isn't authorized cause it's too expensive." (Docket no. 45 at 3). The medical record does not reflect that this comment was made.

On February 20, 2006 Plaintiff submitted another kite, this time asking for a refill of his sinus medication and noting that he wanted to receive Sudafed. Two days later a nurse responded to the kite by stating that Plaintiff had seen a nurse on February 10, 2006, the examination was essentially normal, and that the MSP would let them know what they should do with Plaintiff's medication. (Docket no. 120 at 249). On March 9, 2006 Plaintiff submitted another kite, stating that he had been denied all sinus medication for the five weeks he had been at the facility, and complaining of severe breathing difficulties related to sinusitis. The nurse responded by telling Plaintiff to watch call out. (Docket no. 120 at 247).

3

On March 14, 2006 Dr. Burtch wrote an order for a three-month prescription for Plaintiff to continue receiving Nasalcrom as his sinus medication. (Docket no. 120 at 246). The following day, Plaintiff submitted a kite, complaining that his sinus condition was worsening due to denial of medication, and that he was bleeding from the nose. Plaintiff was instructed that his medication had been ordered and should be in that day. (Docket no. 120 at 245).

Plaintiff filed the instant lawsuit on July 19, 2006. Defendant CMS now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 and 42 U.S.C. § 1997e(a).

**B.      Standard**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and applies to suits with respect to prison conditions regardless of the type of relief sought. *Booth v. Churner,* 532 U.S. 731, 741 (2001).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*,

4

477 U.S. 242, 252 (1986).

**C. Analysis**

1. Administrative Exhaustion

Defendant CMS contends that Plaintiff has failed to exhaust his administrative remedies against CMS by failing to name CMS in his grievances. (Docket no. 117). The record shows that Plaintiff filed six grievances through Step III during the time period at issue in the Amended Complaint. (Docket no. 117, Ex. O). Only two of those grievances relate to Plaintiff's sinusitis and medical care. Defendant states that both grievances, Grievance STF-06-02-0214-12D and Grievance STF-06-03-0277-28J, were pursued through all three steps of the grievance procedure and relate to Plaintiff's sinusitis and the medication proscribed for same, but failed to identify CMS as the cause of any problem. (Docket no. 117, brief at 17-18, and Ex. D, E).

Defendant CMS produced a copy of the MDOC policy directive that was in effect during the time relevant to Plaintiff's claims. (Docket no. 117, Ex. N). The applicable grievance policy in this case is MDOC Policy Directive 03.02.130 (effective date 12/19/2003). This version of the MDOC Policy Directive states that "Information provided shall be limited to the facts involving the issue being grieved (i.e. who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." Defendant claims that because Plaintiff failed to name CMS in its grievances, he did not exhaust his complaints against CMS.

The "Sixth Circuit has stated that courts ought not impose severe technical requirements on prisoners who comply with the spirit and purpose of the administrative exhaustion rules." *Hall v. Raja*, No. 09-10933, 2010 WL 3070141, at *2 (E.D. Mich. Aug. 2, 2010). "[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment

or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (quotation omitted).

In *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), the Sixth Circuit recently held that a prisoner properly exhausted his administrative remedies against prison officials, including CMS, even though he failed to name the defendants in the grievance. The Court concluded that generally, when a prisoner fails to identify the names of those involved in the issue being grieved, in violation of the applicable MDOC policy directive, the action will be dismissed for failure to exhaust. However, "when prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits," the court should do the same. *Id.* at 325.

There is no dispute that Plaintiff filed two grievances related to his repeated requests for and denial of Sudafed medication to treat his sinusitis. Each grievance generally complained of actions taken by health care staff and failed to identify specific individuals. Prison officials accepted the grievances and resolved each grievance on its merits at each stage of the three-step grievance process. (Docket no. 1, Ex. A-H). The Court should find, under the direction of *Reed-Bey*, that the Plaintiff exhausted his administrative remedies against Defendant CMS. *See, e.g., Brown v. Harrington*, No. 09-14211, 2010 WL 3075071 (E.D. Mich. July 8, 2010); *Allen v. Corr. Med. Servs.*, No. 09-11281, 2010 WL 2663194 (E.D. Mich. July 2, 2010).

2. Declaratory and Injunctive Relief

The Court recommends that Plaintiff's claims for declaratory and injunctive relief be dismissed as moot because Plaintiff has been released from prison and placed on parole. *See Dellis v. Corr. Corp. Of Am.*, 257 F.3d 508, 510 n. 1 (6th Cir. 2001); *Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir. 1982).

6

3. Plaintiff's § 1983 Claim Against Defendant CMS

To prevail on an Eighth Amendment claim for lack of medical care, a plaintiff must show "deliberate indifference to [the] serious medical needs of prisoners [that] constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (citation omitted). An Eighth Amendment deliberate indifference claim requires proof of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, Plaintiff must demonstrate the existence of a serious medical need. The subjective component requires proof that the Defendant possessed a sufficiently culpable state of mind in denying medical care. *Id*. at 835.

A sufficiently serious medical need is one that has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Blackmore v. Kalamazoo County,* 390 F.3d 890, 897 (6th Cir. 2004) (citations omitted). Not every ailment diagnosed by a physician is sufficiently serious. "A serious ailment requires immediate attention or is potentially life-threatening: 'A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Williams v. Mustafa*, No. 08-10197, 2009 WL 483134, at *15 (E.D. Mich. Feb. 24, 2009) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

Defendant CMS cannot be held vicariously liable for the actions of its agents on a respondeat superior basis. To establish liability against Defendant CMS under § 1983, Plaintiff must demonstrate that CMS maintained an unconstitutional policy, custom, or practice that caused Plaintiff's injuries. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691, 694 (1978). Absent evidence

7

that CMS policy makers actually knew of an unconstitutional policy, custom, or practice, Plaintiff is required to "proffer evidence demonstrating a widespread or significant practice that could support a reasonable inference of constructive knowledge." *Grose v. Corr. Med. Servs.*, No. 06-cv-15175, 2009 WL 2741515, at *5 (E.D. Mich. Aug. 25, 2009).

Plaintiff alleges that his chronic sinusitis was sufficiently serious because it was diagnosed by a physician as requiring care. The Court disagrees. Several courts have held that chronic sinusitis is not a sufficiently serious medical need for purposes of § 1983. *See Penland v. Bureau of Prisons*, 2010 WL 1039866, at *5 (E.D. Va. March 17, 2010) (citing cases). Moreover, even if it were, Plaintiff has not shown that Defendant CMS adopted a policy, custom, or practice of deliberate indifference to Plaintiff's constitutional rights.

Plaintiff makes much of the fact that he believes Nasalcrom and Guaifenesin are less costly forms of treatment. However, even if true, "[c]ost control measures initiated by state and local governments by themselves are not unconstitutional." *Lowe v. Vadlamudi*, No. 08-10269, 2009 WL 736798, at *5 (E.D. Mich. March 16, 2009). The record shows that Plaintiff initially agreed to try Nasalcrom and Guaifenesin because he was "nasally plugged most of the time, especially at night" while taking Sudafed. (Docket no. 120). The affidavits of P.A. Tyree and Dr. Burtch state that they each ordered Nasalcrom and in the case of P.A. Tyree, Guaifensin, based on their experience, medical judgment, and applicable medical standards of care. (Docket no. 117, Ex. I, J). The affidavits further state that they did not act pursuant to any policy, practice, or custom of CMS. The record establishes that Plaintiff received regular care related to his sinus condition.

At most, Plaintiff and Defendant disagree on the appropriate treatment for Plaintiff's sinusitis. A disagreement over treatment does not give rise to a constitutional violation. Hence, on

8

the record before it the Court should find that there is no genuine issue of material fact that Defendant CMS maintained a policy, practice, or custom of denying necessary and effective medication to the Plaintiff in order to save money for profit.

4. Civil Conspiracy Claims

Count I of Plaintiff's Amended Complaint alleges that Defendant CMS showed or conspired to show deliberate indifference to his serious medical need. (Docket no. 45 at 8). In order to state a cause of action for conspiracy under 42 U.S.C. § 1985(3) Plaintiff must demonstrate: (1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws, and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citation omitted). Plaintiff must also demonstrate that "the conspiracy was motivated by a class based animus, such as race." *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).

A civil conspiracy under § 1983 "is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). To establish a § 1983 conspiracy, Plaintiff must show that "there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id.* at 944.

Plaintiff has not demonstrated any racial or class based animus and therefore cannot prevail on his § 1985 conspiracy claim. Furthermore, based on the record no reasonable juror could find that CMS engaged in a conspiracy in violation of § 1983.

5. Plaintiff's Rule 56(f) Affidavit

In response to the instant motion, Plaintiff filed a Rule 56(f) affidavit stating that he cannot properly respond to the instant motion until Defendant CMS complies with his August 24, 2009 discovery requests. (Docket no. 125). Plaintiff filed a Motion to Compel discovery on October 14, 2009, after the instant Motion for Summary Judgment was filed, claiming that Defendant did not respond to his discovery requests. In response, Defendant argued that it did not receive Plaintiff's discovery requests until they were filed with Plaintiff's Motion to Compel discovery. Upon receiving Plaintiff's discovery motion with the attached discovery requests, Defendant served its written responses to Plaintiff, objecting to each of the five requests made. Plaintiff argued that Defendant's responses were inadequate. This Court denied Plaintiff's Motion to Compel, finding that Plaintiff had failed to show that he served proper discovery requests to Defendant CMS before the October 1, 2009 discovery deadline had passed. (Docket no. 133).

Plaintiff's discovery requests sought the following five categories of documents: (1) any contract with the MDOC in effect during 2006 when the events giving rise to Plaintiff's lawsuit occurred; (2) copies of all documents, memos, rules or policies relating to the prescribing or dispensing of medication for sinus conditions to prisoners in effect at the time the facts of this case arose; (3) documents or communications regarding the cost of medications or reducing the cost of providing medical attention or medications to prisoners confined within the MDOC at the time the facts of this case arose; (4) all court judgments, grievances, or complaints filed against CMS or its employees relating to inadequate medical care to prisoners for the last 7 years; and (5) a list of any standards or actions taken by CMS against its employees who render inadequate medical attention or care to prisoners. (Docket no. 121, Ex. 1).

Defendant objected to each of the five discovery requests for various reasons, including that the requests were vague, ambiguous, and overbroad. Specifically, however, as to requests nos. 2, 3, and 5, Defendant denied having documents responsive to the requests in its possession, custody, or control. (Docket 123, Ex. B).

Federal Rule of Civil Procedure 56(f) provides: "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed.R.Civ.P. 56(f). The party making the Rule 56(f) showing must indicate by affidavit his need for discovery, what material facts he hopes to uncover, and why he has not previously discovered the material. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). The court may, within its discretion, deny the discovery request when the party makes only general and conclusory statements regarding the need for more discovery. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (citation and internal quotation marks omitted). The party seeking additional discovery must "affirmatively demonstrat[e] . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998) (citation and internal quotation marks omitted).

Plaintiff's affidavit states generally that he cannot properly respond to the instant Motion for Summary Judgment until Defendant CMS complies with his discovery requests. He contends that the requests are "relevant and essential" for him to prove that the Defendant has a policy, pattern or custom of showing deliberate indifference to the serious medical needs of prisoners in order to

save money and increase profits for their company. (Docket no. 125). Defendant has denied having documents responsive to three of Plaintiff's five discovery requests, and a fourth request is of questionable relevance in that it seeks documents concerning unrelated cases. Under the circumstances, Plaintiff's affidavit fails to identify what material facts he believes he will uncover if allowed more time to conduct discovery.

The Plaintiff has not demonstrated that a continuance or denial of Defendant CMS's Motion for Summary Judgment is warranted. Accordingly, Defendant CMS's Motion for Summary Judgment (docket no. 117) should be granted, and Plaintiff's Rule 56(f) Motion to Deny Defendant CMS's Motion for Summary Judgment (docket no. 125) should be denied. Since all Defendants named in this action have been terminated, Plaintiff's Complaint should be dismissed.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: August 16, 2010    s/ Mona K. Majzoub
             MONA K. MAJZOUB
             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

 I hereby certify that a copy of this Report and Recommendation was served upon Michael Garrison and Counsel of record on this date.


Dated: August 16, 2010    s/ Lisa C. Bartlett
             Case Manger